IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES DAVID PROCTOR        :

    v.        :        CIVIL NO. L-95-3834

EUGENE M. NUTH, ET AL.     :

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 1 4 1999

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                DEPUTY

ORDER

On November 29, 1999, this Court issued a Writ of Habeas Corpus that ordered the release of James Proctor on April 29, 2000, unless the State retries him and obtains a conviction before that date. The Court granted Mr. Proctor's Petition for Habeas Corpus because (i) the Judge presiding over Mr. Proctor's trial failed to inform counsel of a jury note regarding the distance of the body from where Mr. Proctor observed it and (ii) Mr. Proctor's trial counsel was ineffective because he failed to investigate the prosecution's presentation of a false theory of the case.

The State of Maryland filed a Request for a Stay of the Writ pending appeal. Mr. Proctor has opposed the request, and the Court conducted a hearing by telephone on December 10, 1999.

The United States Supreme Court in <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987) recited the factors to be considered in granting a stay pending appeal of a grant of habeas relief:

    (i) whether the stay applicant has made a strong showing of likelihood of success on the merits;

    (ii) whether there will be irreparable injury, absent the

stay;

(iii) whether issuance of the stay will substantially injure other parties;

(iv) whether the stay is in the public interest.

The Supreme Court also approved of a court's consideration of whether the prisoner will pose a danger to the public or will pose a risk of flight if released.  Finally, the Supreme Court stated that the State's interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served."  Id. at 777.

The Court recognizes that the remaining portion of Mr. Proctor's sentence is long, as he is serving a life sentence. The State argues that the stay is necessary because (i) the State will likely succeed on appeal, and (ii) Mr. Proctor's release will cause a danger to the public as Mr. Proctor was convicted of sexual offenses and murder.[1]  The State asserts that it will likely succeed on appeal because the trial judge's failure to read the jury note did not cause actual prejudice to Mr. Proctor. Despite the arguments, the Court finds that the factors set forth in Hilton weigh against the stay, and in favor of Mr. Proctor's release on April 29, 2000.  This Court granted Mr. Proctor's petition for Habeas Corpus relief because of its conclusion that

---

[1] In his habeas petition, Mr. Proctor did not challenge the conviction based on his sexual offenses.

the trial judge's failure to read the jury note did, in fact, materially prejudice Mr. Proctor. The Court, therefore, does not believe that the State will likely succeed on appeal.

Whether Mr. Proctor's release will cause a substantial risk to others is difficult to determine. Mr. Proctor has a history of sexual offenses, but has served the ten years of his sentence attributable to the sexual offenses. Thus, he cannot be held any longer on the sexual offenses alone. In addition, since his incarceration, Mr. Proctor has apparently comported himself as a model prisoner. While incarcerated, Mr. Proctor obtained a dual bachelors degree, held positions in self-help prison groups and the Prison Fellowship Ministries State Newsletter, and established a tutorial program at the Correctional Education Office.

Because of the seriousness of the crime charged, and because Mr. Proctor has a history of sexual offenses, the Court will continue Mr. Proctor's incarceration until the State has been given a reasonable time to retry him. A release date of April 29, 2000, gives the State ample time to retry Mr. Proctor.

The Court recognizes that the State may elect not to retry him until after the Fourth Circuit renders a decision on the State's appeal, which may not occur before April 29, 2000. The Court is, however, disinclined to stay the Writ, and thus require Mr. Proctor, the prevailing party, to remain incarcerated for an indefinite amount of time.

The Court also recognizes that the Fourth Circuit may disagree with this ruling. The State, however, has ample time to seek a stay from the Fourth Circuit directly.

Therefore, the Court hereby ORDERS that:

    (i)  the Request for a Stay filed by the State of Maryland is DENIED; and

    (ii) the Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED this 13TH day of December, 1999.

 

_____
Benson Everett Legg
United States District Judge

14 1999